IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ODYSSEY TRANSFER AND TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ARC GLOBAL INVESTMENTS II, LLC, and MICHAEL J. MELKERSEN,<br><br>Defendants,<br><br>and<br><br>TRUMP MEDIA & TECHNOLOGY GROUP CORP. f/k/a DIGITAL WORLD ACQUISITION CORP.,<br><br>Nominal Defendant. | Civil Action No.<br><br>Complaint Filed: June 20, 2024 |

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff Odyssey Transfer and Trust Company ("Odyssey"), in its capacity as securities transfer and escrow agent for Trump Media & Technology Group Corp. ("TMTG") f/k/a Digital World Acquisition Corp. ("DWAC"), hereby states the following claim for interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332 against ARC Global Investments II, LLC ("ARC") and Michael J. Melkersen ("Melkersen," and together with ARC, "Defendants").  In support thereof, Odyssey alleges as follows:

### NATURE OF THE ACTION

1. This is an interpleader action to resolve competing claims between the Defendants regarding 716,140 Class A shares of TMTG, and 25,000 TMTG warrants

(collectively, the "Disputed Securities") currently recorded on the books and records of Odyssey.

2. Odyssey is indifferent to and has no stake regarding which Defendant is entitled to the Disputed Securities.

3. Odyssey seeks an Order from this Court requiring the Defendants to interplead and resolve between themselves their respective rights to the Disputed Securities without further involvement of Odyssey, discharging Odyssey from further liability as to the Disputed Securities, dismissing it from this case, and awarding Odyssey its attorneys' fees.

## PARTIES AND JURISDICTION

4. Plaintiff Odyssey is a Minnesota corporation with a principal place of business in Minnesota. Odyssey is therefore a citizen of Minnesota.

5. Defendant ARC is a Delaware limited liability company with over one-hundred members residing in various states and countries. Upon information and belief, none of those members is a citizen of Minnesota.

6. Defendant Melkersen is an individual domiciled and residing in Puerto Rico. Melkersen is therefore a citizen of Puerto Rico. Upon information and belief, Melkersen filed a UCC-1 financing statement with the State of Delaware in respect of the Disputed Securities.

7. Nominal Defendant TMTG is a Delaware corporation with a principal place of business in Florida. TMTG is therefore a citizen of Delaware and Florida.

8. Jurisdiction is proper in this Court under 28 U.S.C.A. § 1332(a), which provides for original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. Odyssey is a citizen of Minnesota, and neither Defendant is a citizen of Minnesota, such that there is complete diversity of citizenship, and the value of the Disputed Securities exceeds $75,000.

9.      Venue is proper in this Court under 28 U.S.C. §§ 1391(c)(2) and 1397 because at least one of the Defendants is domiciled in this judicial district.

### FACTUAL BACKGROUND

10.     ARC was the sponsor of DWAC, a Special Purpose Acquisition Company (SPAC). Ultimately, DWAC Merger Sub, Inc. merged with and into TMTG, with TMTG n/k/a TMTG Sub Inc. continuing as the surviving corporation and as a wholly owned subsidiary of DWAC. Upon the merger, DWAC was renamed TMTG.

11.     Odyssey serves as the securities transfer and escrow agent for TMTG, and in that capacity is responsible for, among other thing, maintaining its security holder records and recording changes of ownership, including regarding TMTG common stock and warrants.

12.     The Disputed Securities are currently recorded in book entry form with Odyssey in ARC's name, meaning they have not been issued as certificates or otherwise in physical form.

13.     TMTG's registration statement on Form S-1 filed with the Securities and Exchange Commission on April 15, 2024, became effective on June 18, 2024, satisfying a prerequisite to permit the transfer of the Disputed Securities.

14.     However, Odyssey is faced with competing claims to the Disputed Securities and is unable to determine the lawful owner of the Disputed Securities and/or who may be entitled and authorized to give instructions regarding the disposition or transfer of same.

15.     ARC has asserted rights in and to the Disputed Securities. Among other things, through its counsel, ARC has requested that Odyssey transfer to ARC's brokerage account upon effectiveness of TMTG's Form S-1 registration statement 148,785 shares in account #XXX517; 297,570 shares in account #XXX616; 566,742 warrants in account # XXX770 WARRANTS, and upon expiration of a contractual "lock-up period," an additional 1,133,484 shares in the

account # XXX 770 COMMON.  Upon information and belief, the Disputed Securities are a subset of the securities subject to ARC's transfer request.

16. Melkersen has also asserted rights in the Disputed Securities and requested that Odyssey register the Disputed Securities in his name and transfer them to him.  On June 20, 2024, Melkerson indicated an intent to file suit in Miami (Dade County) Florida state court seeking, among other things, an injunction prohibiting Odyssey from transferring the Disputed Securities.

17. Therefore, Odyssey is faced with competing claims for the Disputed Securities from ARC and Melkersen.

## COUNT I
## INTERPLEADER

18. Odyssey hereby incorporates by reference each of the averments in the above Paragraphs as if set forth herein at length.

19. The Defendants both claim an interest in the Disputed Securities.

20. Based on the foregoing, there is presently an actual, justiciable controversy between and among the Defendants as to their respective rights to the Disputed Securities.

21. The claims of the Defendants are adverse and conflicting, and Odyssey is unable to fully determine which party has the legal rights to the Disputed Securities.

22. Odyssey seeks certainty regarding the Defendants' respective rights to receive the Disputed Securities.

23. Odyssey is an innocent stakeholder that wishes to transfer or distribute the Disputed Securities to the appropriate party.

24. Odyssey is prepared to segregate and retain the Disputed Securities pending resolution of the parties' claims, or to transfer the Disputed Securities to the appropriate person(s) as directed by the Court.

25. Unless the adverse and conflicting interests to the Disputed Securities are resolved in a single proceeding pursuant to an appropriate Court order, Odyssey may be subject to multiple proceedings and is at substantial risk of suffering multiple liability and/or inconsistent rulings.

26. Odyssey has filed this Complaint For Interpleader of its own free will to avoid multiple liabilities and unnecessary suits and costs.

27. Odyssey is entitled to recover its costs and reasonable attorneys' fees.

## RELIEF REQUESTED

**WHEREFORE**, Odyssey asks that judgment of interpleader be entered in its favor and that:

a. The Court order Odyssey to segregate and retain the Disputed Securities pending resolution of this action;

b. The Court order Defendants to interplead and resolve between themselves their respective rights to the Disputed Securities without further involvement of Odyssey;

c. The Court enjoin and restrain Defendants, their agents, attorneys, and assigns, from commencing or further prosecuting any other proceedings in any state or United States Court against Odyssey on account of the Disputed Securities;

    d.    Odyssey be fully and finally discharged and dismissed from this litigation and any and all liability in connection with, arising out of, or relating to this action and the Disputed Securities;

    e.    The Court direct and declare the respective rights of Defendants with respect to the Disputed Securities, and direct and declare to whom the Disputed Securities should be transferred;

    f.    Odyssey be awarded attorneys' fees, disbursements, and all other proper costs and charges incurred in connection with this action; and

    g.    The Court award such other and further relief as it may deem just and proper.

Dated: June 20, 2024

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ Jaclyn C. Marasco
Joseph C. Schoell (#3133)
Jaclyn C. Marasco (#6477)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
jaclyn.marasco@faegredrinker.com

*Attorneys for Odyssey Transfer and Trust Company*

OF COUNSEL:

Michael MacPhail
1144 15th Street, Suite 3400
Denver, CO 80202
(303) 607-3500
michael.macphail@faegredrinker.com

-and-

Josh Peterson
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
(612) 766-7000
josh.peterson@faegredrinker.com