IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ODYSSEY TRANSFER AND TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ARC GLOBAL INVESTMENTS II, LLC, and MICHAEL J. MELKERSEN,<br><br>Defendants,<br><br>and TRUMP MEDIA & TECHNOLOGY GROUP CORP. f/k/a GIDITAL WORLD ACQUISITION CORP.,<br><br>Nominal Defendant. | Civil Action No. 24-729-GBW |

## MEMORANDUM ORDER

Pending before the Court is Odyssey Transfer and Trust Company's ("Odyssey") Motion to Enjoin Defendants (D.I. 4, the "Motion"). Odyssey has filed an interpleader complaint, and seeks to enjoin interpleader defendants Michael J. Melkersen ("Melkersen") and ARC Global Investments II, LLC ("ARC") from filing suit in other jurisdictions. For the reasons that follow, the Motion is DENIED.

### I.     LEGAL STANDARD

Odyssey brings this action pursuant to Federal Rule of Civil Procedure 22. In a statutory interpleader action brought under 28 U.S.C. § 1335, injunctive relief is expressly available under 28 U.S.C. § 2361. However, "no equivalent statute applies to an action involving rule interpleader under Federal Rule of Civil Procedure 22, leaving the court with the prohibition and limited

1

exceptions in the anti-injunction statute, § 2283." *Kernon v. Banner Life Ins. Co.*, 2022 WL 2121513, at *4 n.4 (M.D. Fla. May 6, 2022), *report and recommendation adopted*, 2022 WL 1683361 (M.D. Fla. May 26, 2022). Thus, "entry of an injunction in the rule interpleader context is at best problematic[.]" *Am. Gen. Life Ins. Co. v. Jones*, 2008 WL 4949847, at *2 (S.D. Ala.). In determining whether an injunction is appropriate in a Rule 22 interpleader action, "courts typically apply the standards of 28 U.S.C. § 2283 and Fed. R. Civ. P. 65." *Genworth Life Ins. Co. v. Reyes*, 2013 WL 12140965, at *2 (S.D. Fla. Jan. 4, 2013), *report and recommendation adopted sub nom. Genworth Ins. Co. v. Reyes*, 2013 WL 12141335 (S.D. Fla. Jan. 29, 2013). Under 28 U.S.C. § 2283, a federal court may permit an injunction against claimants to an interpleader action where it is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[F]ederal courts should defer to parallel state proceedings that pre-date the interpleader." *U.S. Fire Ins. Co v. Asbestospray, Inc.*, 182 F.3d 201, 211 (3d Cir. 1999) (chastising a district Court for an "interpleader injunction that is overly broad and unduly interferes with parallel state-court proceedings"). Interpleader injunctions are an exercise of the Court's discretion. *New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F. Supp. 2d 535, 545 (D.N.J. 1998).

## II. DISCUSSION

ARC was the sponsor of Digital World Acquisition Corp. ("DWAC"), a special purpose acquisition company. ARC lent money to DWAC so that DWAC could purchase Trump Media & Technology Group Corp. ("TMTG"), and borrowed money from, *inter alia*, Melkersen. ARC and Melkersen, in connection with this borrowing, dispute the ownership of several shares of TMTG. Melkersen and ARC agree that their dispute should be heard in Florida due to a forum selection clause in a contract between them. D.I. 16 ¶ 8.

When TMTG announced its registration had become effective, ARC attempted to transfer shares to itself and several third parties, including Melkersen. ARC alleges that Odyssey refused to do so, and that Odyssey, a transfer agent, is working with TMTG to stop ARC from trading on its shares. D.I. 16 ¶ 6-7.

Melkersen threatened to sue Odyssey in Florida state court, seeking to enjoin the transfer of the shares. D.I. 4 ¶ 9. Odyssey filed an interpleader complaint in this Court. D.I. 1. On the same day, Melkersen sued ARC and Odyssey in Florida. *Melkersen v. ARC Global, et al.*, Case No. 2024-011456-CA-01 (Miami-Dade County, Florida), (the "Florida Action").

Odyssey has moved to enjoin both Melkersen and ARC from bringing claims against Odyssey in any other forum. D.I. 4. Melkersen stipulated to the injunction, subject to several restrictions. D.I. 15. The Court granted the stipulation to preserve the status quo while considering the Motion. D.I. 19; D.I. 20. ARC has opposed the Motion. D.I. 16; D.I. 21.

The Court finds that granting the Motion would be inequitable, and that entry of an injunction is not necessary to protect the Court's jurisdiction or interests. The Florida Action contains all parties to this lawsuit. ARC and Melkersen have agreed to litigate their dispute subject to Florida law and in a Florida forum. D.I. 16, Ex. B, C. Odyssey has not shown why the Florida Action could not resolve this dispute and accord the parties complete relief. Moreover, ARC has claims against Odyssey that may not be able to be resolved via an interpleader action. D.I. 16 ¶ 7. An anti-suit injunction would thus prejudice ARC, and potentially prevent it from raising valid claims in any forum. The stipulation raises further issues. One of the conditions of the stipulation was that Melkersen could proceed with his action in Florida against ARC. D.I. 15 ¶ 4. Thus, even if the Court were to grant the injunction as to ARC, there would be parallel disputes as to the ownership of the securities in dispute. Thus, enjoining the defendants from litigating elsewhere

would have little practical simplification effect. Odyssey has not shown that any irreparable harm would arise absent the injunction—Melkersen has already filed suit in Florida, and Odyssey has agreed to permit that suit to proceed. D.I. 15 ¶ 4. The Court thus exercises its discretion, in light of the deference it must give state courts, and denies Odyssey's request for an injunction.

WHEREFORE, at Wilmington this 11th day of July, 2024, **IT IS HEREBY ORDERED** that Odyssey's Motion to Enjoin Defendants (D.I. 4) is **DENIED**. The Court's previous order granting the injunction as to Melkersen was to preserve the status quo pending consideration of the motion, and that injunction is **DISSOLVED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE