# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ODYSSEY TRANSFER AND TRUST COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ARC GLOBAL INVESTMENTS II, LLC, and MICHAEL J. MELKERSEN, <br><br> Defendants/Crossclaim Defendants, <br><br> and <br><br> TRUMP MEDIA & TECHNOLOGY GROUP CORP, f/k/a DIGITAL WORLD ACQUISITION CORP., <br><br> Nominal Defendant/ Crossclaim Plaintiff. | Case No. 1:24-cv-00729-GBW |

## ANSWER TO COMPLAINT FOR INTERPLEADER

Defendant/Crossclaim Defendant Michael J. Melkersen submits the following answer to the complaint filed by Interpleader Plaintiff Odyssey Transfer and Trust Company ("Odyssey"):

Melkersen repeats headings used by Odyssey in its complaint for purposes of organization only. Such repetition of Odyssey's headings is not an admission of any kind by Melkersen. To the extent a response is required for any of Odyssey's headings in the complaint, Melkersen denies each and every allegation set forth in any such headings. In addition, any allegation by Odyssey not expressly admitted herein is denied.

## NATURE OF THE ACTION

1. Admitted.

2. Without sufficient knowledge and, therefore, denied.

3. Admitted only to the extent that Odyssey is seeking the aid of this Court to protect it from the competing claims of ARC Global Investments II, LLC ("ARC") and Melkersen.

## PARTIES AND JURISDICTION

4. Admitted.

5. Admitted.

6. Admitted.[1]

7. Admitted.

8. Admitted.

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent a response is required, admitted.

## FACTUAL BACKGROUND

10. Admitted.

11. Admitted.

12. Admitted. It is unclear to Melkersen, however, whether Odyssey has paid over shares belonging to Melkersen that are part of the 1.499 True-Up.[2] While those shares may not be included in the definition provided by Odyssey of the Disputed Securities,[3] those shares are part

---

[1] On March 13, 2024, Melkersen recorded his security interest in the shares identified in the promissory notes, as well as the 500,000 DWAC shares purchased by way of the MIPA, with the Delaware Department of State. *See* UCC Financing Statements, dated March 13, 2024, attached hereto as **Exhibit A**.

[2] The term "True Up" refers to *ARC Global Investments II, LLC v. Digital World Acquisition Corp., Eric S. Swider, Frank J. Andrews, Edward J. Preble, and Jeffrey A. Smith*, C.A. No. 2024-0186-LWW (Del. Ch.), the True-Up case which decided the ratio at which Class B shares will convert to Class A shares: 1.4911:1.

[3] The term "Disputed Securities" is defined in Odyssey's Complaint.

of the dispute. If Odyssey has paid those shares over to ARC, such payment would have been wrongful and in violation of Melkersen's rights, interests, and applicable law.

13. Admitted, except that Melkersen, not ARC, should have been the registrant of the Disputed Securities.

14. Melkersen is without sufficient knowledge and, therefore, denies Paragraph 14, except Melkersen admits that Odyssey is faced with competing claims as to 716,140 Class A shares of TMTG and 25,000 TMTG warrants currently recorded on the books and records of Odyssey.

15. Insufficient information to admit or deny, and therefore, denied, except that Melkersen admits that ARC has made claims to Odyssey that are adverse to Melkersen's interests in the Disputed Securities.

16. Admitted to the extent that Melkersen has filed Case No. 2024-011456-CA-01 in the Eleventh Judicial Circuit of the State of Florida and has asserted claims therein. Melkersen has also asserted rights to his portion of True Up shares at a ratio of 1.4911 to 1.

17. Admitted.

## COUNT I

### INTERPLEADER

18. Melkersen incorporates, as if fully set forth herein, each and every response to paragraphs 1 through 17, above.

19. Admitted.

20. Paragraph 20 contains a legal conclusion. To the extent a response is required, admitted only to the extent that Odyssey is seeking the aid of this Court to protect it from the competing claims of ARC and Melkersen.

21. Melkersen lacks sufficient knowledge or information to admit or deny these allegations.

22. Melkersen lacks sufficient knowledge or information to admit or deny these allegations.

23. Without sufficient knowledge and, therefore, denied.

24. Without sufficient knowledge and, therefore, denied.

25. Without sufficient knowledge and, therefore, denied.

26. Without sufficient knowledge and, therefore, denied.

27. Denied.

## RELIEF REQUESTED

To the extent that a response may be required to the Relief Requested at the end of Odyssey's complaint, Melkersen denies each and every allegation and denies that Odyssey is entitled to any of the relief that it seeks.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Estoppel)

Odyssey's claims against Melkersen are barred in whole or in part by the doctrine of estoppel. In the Digital World Acquisition Corp. ("DWAC") / Trump Media & Technology Group Corp. ("TMTG") Merger Agreement, DWAC/TMTG made a promise that shareholders of DWAC securities or persons entitled to such securities, including Melkersen, were and are intended third-party beneficiaries of the merger agreement. Melkersen made several investments with ARC entitling him to DWAC shares. It was the reasonable expectation of DWAC/TMTG to induce action or forbearance on behalf of the parties to the merger. This bound their transfer agent, Odyssey, to the same. Melkersen reasonably relied on the promise that he had a right to convert the principal due and took actions to his detriment by providing formal notice to ARC and Patrick

4

Orlando that he was exercising his right to convert the unpaid principal due under the promissory notes into DWAC securities.

## DEFENSES RESERVED

The foregoing defense is raised by Melkersen without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. Melkersen hereby reserves the right to amend or supplement this answer to assert any other related defenses as they become available.

|  |  |
|---|---|
|  | ROSS ARONSTAM & MORITZ LLP |
|  | */s/ R. Garrett Rice* |
| *Of Counsel:* | R. Garrett Rice (#6242) |
|  | Hercules Building |
| Benjamin J. Widlanski | 1313 North Market Street, Suite 1001 |
| KOZYAK TROPIN | Wilmington, Delaware 19801 |
|   THROCKMORTON PA | (302) 576-1600 |
| 2525 Ponce de Leon Blvd., Floor 9 | grice@ramllp.com |
| Miami, Florida 33134 |  |
| bwidlanski@kttlaw.com | *Counsel for Defendant/Crossclaim Defendant Michael J. Melkersen* |
|  |  |
| Dated:  October 14, 2024 |  |

5